NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| ROBERT TUTLER, | : | Civil No. 03-6142 (RBK) |
| Plaintiff, | : | |
| v. | : | OPINION |
| N.J. DEPT. OF CORRECTIONS, | : | |
| Defendant. | : | |

**APPEARANCES:**

    ROBERT TUTLER, #82146-J, Plaintiff Pro Se
    Bayside State Prison
    4293 Rt. 47 Box F-1
    Leesburg, New Jersey 08327

**KUGLER**, District Judge:

    Plaintiff Robert Tutler seeks to bring this action in forma pauperis without prepayment of fees pursuant to 28 U.S.C. § 1915. The Court (1) grants Plaintiff's application to proceed in forma pauperis; (2) directs the Clerk to file the Complaint without pre-payment of the filing fee; (3) assesses the $250.00 filing fee against Plaintiff; (4) directs the New Jersey Department of Corrections ("NJDOC") to forward an initial partial filing fee to the Clerk from Plaintiff's prison account; and (5) directs the NJDOC to forward payments from Plaintiff's prison account to the Clerk each subsequent month that the amount in the account exceeds $10.00, until the $250.00 filing fee is paid in full. See 28 U.S.C. § 1915(a), (b). Having thoroughly reviewed Plaintiff's allegations, the Court dismisses the Complaint.

### I.  BACKGROUND

Plaintiff asserts that he was sentenced by the New Jersey courts as a juvenile.  He alleges that he was housed with sentenced adult offenders for three months at South Woods State Prison and for eight months at Bayside State Prison.  He contends New Jersey procedures require juvenile-sentenced inmates to be confined separately from adult prisoners.  He asserts that the New Jersey Department of Corrections and the Commissioner violated his constitutional rights by failing to follow state procedures.

### II.  LEGAL STANDARD

The in forma pauperis statute, as amended by the Prison Litigation Reform Act (?PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires the Court, prior to docketing or as soon as practicable after docketing, to review a complaint in a civil action in which a plaintiff is proceeding in forma pauperis or a prisoner seeks redress against a governmental employee or entity.  See 28 U.S.C. §§ 1915(e)(2)(B), 1915A.  The PLRA requires the Court to sua sponte dismiss any claim if the Court determines that it is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  Id.  A pro se complaint is held to less stringent standards than formal pleadings drafted by lawyers.  Haines v. Kerner, 404 U.S. 519, 520 (1972).

A claim is frivolous if it "lacks even an arguable basis in law" or its factual allegations describe "fantastic or delusional scenarios."  Neitzke v. Williams, 490 U.S. 319, 328 (1989); see also Roman v. Jeffes, 904 F.2d 192, 194 (3d Cir. 1990).  "Given the Federal Rules' simplified standard for pleading, '[a] court may dismiss a complaint only if it is clear that no relief could be

granted under any set of facts that could be proved consistent with the allegations." " Swierkiewicz v. Soreman, 534 U.S. 506, 514 (2002) (quoting Hishon v. King & Spalding, 467 U.S. 69, 73 (1984)).

### III.  DISCUSSION

Section 1983 of Title 42 of the United States Code authorizes a person such as Plaintiff to seek redress for a violation of his federal civil rights by a person who was acting under color of state law.  Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

To recover under 42 U.S.C. § 1983, a plaintiff must show two elements:  (1) a person deprived him or caused him to be deprived of a right secured by the Constitution or laws of the United States, and (2) the deprivation was done under color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988); Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970); Sample v. Diecks, 885 F.2d 1099, 1107 (3d Cir. 1989).

The Court construes the Complaint as attempting to assert a Fourteenth Amendment due process claim, i.e., New Jersey officials deprived Plaintiff of liberty without due process of law by confining him with adult offenders.  This claim fails, however, because a juvenile adjudicated delinquent in New Jersey has no protected liberty interest in avoiding transfer to an adult prison.

The Due Process Clause of the Fourteenth Amendment provides that a State shall not "deprive any person of life, liberty, or property, without due process of law."  U.S. Const. amend.

XIV § 1. The Due Process Clause applies only when government action deprives a person of liberty or property. See Greenholtz v. Inmates of Nebraska Penal and Correctional Complex, 442 U.S. 1, 7 (1979). "A liberty interest may arise from the Constitution itself, by reason of guarantees implicit in the word 'liberty,' or it may arise from an expectation or interest created by state laws or policies." Wilkinson v. Austin, ___ U.S. ___, 2005 WL 1383625 *8 (June 13, 2005) (citations omitted); accord Sandin v. Conner, 515 U.S. 472, 483-84 (1995); Hewitt v. Helms, 459 U.S. 460, 466-67 & n.4 (1983). However, "[d]ecisions of the Executive Branch, however serious their impact, do not automatically invoke due process protection." Greenholtz, 442 U.S. at 7. "As long as the conditions or degree of confinement to which the prisoner is subjected is within the sentence imposed upon him and is not otherwise violative of the Constitution, the Due Process Clause does not in itself subject an inmate's treatment by prison authorities to judicial oversight." Montanye v. Haymes, 427 U.S. 236, 242 (1976); see also Vitek v. Jones, 445 U.S. 480, 493 (1980). The Supreme Court has held that "the Constitution itself does not give rise to a liberty interest in avoiding transfer to more adverse conditions of confinement." Wilkinson at *8; see also Olim v. Wakinekona, 461 U.S. 238, 248 n.9 (1983); Meachum v. Fano, 427 U.S. 215, 223-25 (1976); Gibson v. Lynch, 652 F.2d 348, 354 (3d Cir. 1981).

     Nor does Plaintiff have a protected liberty interest created by New Jersey law in being confined in a juvenile facility separate from adult sentenced inmates. A state-created liberty interest for inmates is limited to situations where deprivation of that interest "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Wilkinson at *9 (quoting Sandin, 515 U.S. at 484; see also Griffin v. Vaughn, 112 F.3d 703, 706

(3d Cir. 1997).  Contrary to Plaintiff's contention, New Jersey law permits an adjudicated delinquent to be transferred to the custody of the New Jersey Department of Corrections and incarcerated in a state prison.  See N.J. Admin. Code §§ 13:91-2.1 to 2.4.  It follows that transfer of a juvenile adjudicated delinquent to a state prison is not an "atypical and significant" hardship in relation to the ordinary incidents of prison life under Sandin.  Under these circumstances, Plaintiff could have no state created liberty interest in avoiding incarceration in a state prison and dismissal of the Complaint is warranted.

## IV.  CONCLUSION

For the reasons set forth above, the Court grants Plaintiff's application to file the Complaint in forma pauperis and dismisses the Complaint without prejudice.

s/Robert B. Kugler<br>
ROBERT B. KUGLER, U.S.D.J.

DATED:      June 21   , 2005